UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ABENA MORLE, KYMANI DUVERNEY,
NAHSHON WEBB,
AFIYA WEBB, Individually, and as Parent and
Natural Guardian of A.S., an Infant Under the
Age of Fourteen Years,

                      Plaintiffs,

          -against-

DETECTIVE SHAWN HAYES, Shield No. 6093,
and P.O. "JOHN DOES" 1-12,

                   Defendants.
------------------------------------------------------------------X

AMENDED
COMPLAINT AND
JURY TRIAL DEMAND

20 CV 103 (DLI) (PK)

      Plaintiffs, ABENA MORLE, KYMANI DUVERNEY, NASHAWN WEBB, AFIYA WEBB, individually and as parent and natural guardian of A.S., an infant under the age of fourteen years, by their attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully allege as follows:

## JURISDICTION

      1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

      2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

      3.    Jurisdiction is founded upon 28 U.S.C. §§1331, and 1343.

## VENUE

      4.    Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

5. Plaintiffs hereby demand a trial by jury of all issues in this action that are so triable.

## PARTIES

6. At all times relevant hereto, plaintiff ABENA MORLE was and is a natural person, resident in the County of Queens, City and State of New York.

7. At all times relevant hereto, plaintiff KYMANI DUVERNEY was and is a natural person, resident in the County of Queens, City and State of New York.

8. At all times relevant hereto, plaintiff NAHSHON WEBB was and is a natural person, resident in the County of Queens, City and State of New York.

9. At all times relevant hereto, plaintiff AFIYA WEBB was and is a natural person, resident in the County of Queens, City and State of New York, and was and is the mother and natural guardian of A.S., an infant under the age of 14 years.

10. At all times relevant hereto, the infant plaintiff A.S. was and is a natural person, resident in the County of Queens, City and State of New York, and was and is an infant under the age of fourteen years.

11. All plaintiffs are members of the same family.

12. At all times relevant hereto, defendant DETECTIVE SHAWN HAYES, Shield No. 6093 (hereinafter "HAYES") was and is a natural person, employed as a detective by the Police Department of the City of New York.

13. At all times relevant hereto, defendants P.O. "JOHN DOES" 1-12 were and are natural persons, employed as police officers by the Police Department of the City of New York.

14. The defendants are sued in their individual capacities.

## **FACTS**

15. At all times relevant hereto, plaintiffs lived as renters in a private house with the address of 17-15 Redfern Avenue, Far Rockaway, County of Queens, City and State of New York (hereinafter "subject premises").

16. At all times relevant hereto, and for a lengthy period of time prior to the incident alleged herein, there stood on the same plot of land as the subject premises, in back of it, another private dwelling, also bearing the address of 17-15 Redfern Avenue, Far Rockaway, New York (hereinafter "back house").

17. At all times relevant hereto, defendant HAYES was aware of the existence of the aforementioned back house as well as of the fact that both the back house and the subject premises bore the same address.

18. At no time relevant to this action did any of the plaintiffs hereto have any relation whatsoever to the persons living in the aforementioned back house except for the fact that both plaintiffs and the residents of the back house happened to live on the same lot.

19. On two occasions prior to August 1, 2017, defendant HAYES had a confidential informant go to the back house and allegedly purchase narcotics.

20. On August 1, 2017, defendant HAYES obtained a search warrant from a judge of the Criminal Court of the City of New York, County of Queens, authorizing a search of "a private house located at 17-15 Redfern Avenue."

21. Neither defendant HAYES's affidavit in support of the aforementioned search warrant nor the search warrant itself specified which of the two dwellings located at 17-15 Redfern Avenue was to be searched.

22. Defendant HAYES had no probable cause whatsoever to apply for a search warrant for the subject premises.

23. Nevertheless, defendant HAYES purposely and maliciously failed to specify in his affidavit for the aforementioned search warrant which of the two houses with the address 17-15 Redfern Avenue was the dwelling at which the confidential informant had allegedly purchased narcotics.

24. Consequently, defendant HAYES maliciously, purposely and intentionally obtained a search warrant that improperly authorized him and other police officers to make a search of the subject premises.

25. Consequently, on or about August 4, 2017, defendants P.O. "JOHN DOES" 1-12, led by defendant HAYES, improperly raided and searched the subject premises, resulting in the damages enumerated hereinbelow.

26. At the same time that defendants raided the subject premises, other police officers raided the back house.

### AS AND FOR A CAUSE OF ACTION ON BEHALF OF PLAINTIFFS (42 U.S.C. §1983)

27. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "26" hereinabove as if more fully set forth at length herein.

### ABENA MORLE

28. Plaintiff ABENA MORLE informed the defendants, immediately upon their entering the subject premises, that they were in the wrong house.

29. One or more of the defendants, ignoring what he had been told by plaintiff ABENA MORLE, rear-handcuffed her and placed her into a chair, where she was forced to remain, rear-handcuffed, for approximately two hours.

**KYMANI DUVERNEY**

30. Plaintiff KYMANI DUVERNEY was an infant at the time of the incident alleged herein. Plaintiff ABENA MORLE is his mother.

31. When the defendants came into the subject premises, plaintiff KYMANI DUVERNEY was on his way down from the second floor of the house to the kitchen, where he was intending to get something to drink from the refrigerator.

32. He observed the defendants as they entered the subject premises and told them that they were in the wrong house.

33. Several of the defendants pointed their weapons at plaintiff KYMANI DUVERNEY, pushed him to the floor, and, with their knees in his back, rear-handcuffed him.

34. After being left to lie on the floor for approximately ten minutes, plaintiff KYMANI DUVERNEY was pulled up by one of the defendants and put into a chair where he remained, rear-handcuffed, seated next to plaintiff ABENA MORLE for approximately two hours.

**NAHSHON WEBB**

35. Plaintiff NAHSHON WEBB had just arrived home from work and was standing on the sidewalk in front of the subject premises when he saw the police arrive.

36. Plaintiff NAHSHON WEBB was ultimately taken to the stationhouse of the 101st Precinct wherein, after being held for approximately five hours, defendant HAYES arrested him and issued him a desk appearance ticket charging him with criminal possession of a controlled substance in the seventh degree, an A misdemeanor, based on an allegation that a single oxycodone pill had been found on the floor underneath plaintiff NAHSHON WEBB's bed.

37. Upon information and belief, the aforementioned oxycodone pill had actually been in a prescription bottle and was the last pill remaining from a prescription that had been written for Damalih Coley, another family member and resident of the house who was not home at the time of the raid.

38. As a result of his arrest, plaintiff NAHSHON WEBB lost time from his employment, as he had to appear in court on six occasions.

39. On May 29, 2018, the charge against plaintiff NAHSHON WEBB was dismissed and ordered sealed by a judge of the Criminal Court of the City of New York, County of Queens.

### AFIYA WEBB and A.S.

40. Plaintiff AFIYA WEBB and her son, the infant plaintiff A.S., were standing at the top of the stairs leading to the second floor of the subject premises when the defendants entered the house.

41. Approximately six defendants ran up the stairs.

42. Plaintiff AFIYA WEBB, who was holding on to her infant son, stumbled backwards and had to be stopped from falling.

43. The infant plaintiff was seven years old at the time.

44. After holding plaintiffs AFIYA WEBB and A.S. at the top of the stairs for approximately fifteen minutes, they were brought downstairs by one or more of the individual defendants, and were seated next to plaintiffs ABENA MORLE and KYMANI DUVERNEY.

45. While she was being held as aforesaid, plaintiff AFIYA WEBB was approached by defendant HAYES, who informed her that he had found a single oxycodone pill under the bed where she and the infant plaintiff slept.

Case 1:20-cv-00103-DLI-MMH   Document 6   Filed 01/15/20   Page 7 of 8 PageID #: 24

46.  Plaintiff AFIYA WEBB knew defendant HAYES's statement to be false, as she had earlier that day seen the aforementioned pill in a prescription bottle that was standing on a shelf in the bedroom, which prescription had been written for her brother Damalih Coley, who is not a party to this action.

## DAMAGES

47.  Each one of the plaintiffs had personal property damaged or destroyed by the individual defendants as a result of the destructive manner in which the search was conducted.

48.  In addition, each of the plaintiffs suffered damages as follows:

- ABENA MORLE – Elevated blood pressure and extreme mental anguish;
- NAHSHON WEBB – Loss of liberty and lost time from employment;
- KYMANI DUVERNEY – Loss of liberty and injuries to his neck and back;
- AFIYA WEBB – Loss of liberty and extreme metal anguish; and
- A.S. – Loss of liberty and mental anguish so extreme that he required and received psychological treatment.

49.  The aforementioned wrongful acts and their resulting damages constituted a violation of each plaintiff's right, guaranteed to him or her by the fourth and fourteenth amendments to the Constitution of the United States to be free in their own home from unreasonable searches and seizures and to be free from the use of excessive force.

50.  The individual defendants, acting under color of law, violated the aforementioned rights of each plaintiff in the manner described hereinabove and have thus caused each plaintiff to be damaged in an amount sufficient to compensate them for

the injuries suffered as enumerated hereinabove, and, in addition, seek punitive damages against the individual defendants.

51.   WHEREFORE, plaintiffs, ABENA MORLE, KYMANI DUVERNEY, NAHSHON WEBB, AFIYA WEBB, individually, and as parent and natural guardian of A.S., an infant under the age of fourteen years, demand judgment against defendants, DETECTIVE SHAWN HAYES, Shield No. 6093 and P.O. "JOHN DOES" 1-12, (a) in an amount sufficient to compensate them for the injuries suffered as enumerated hereinabove, (b) with regard to plaintiff NAHSHON WEBB, additionally in the amount of the fee he paid an attorney to defend him against the criminal charge, and, (c) in addition, all plaintiffs seek punitive damages against the individual defendants.

In addition, plaintiffs demand the costs and disbursements of this action, including their attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
       January 15, 2020

_____
ALAN D. LEVINE, ESQ.
Attorney for Plaintiffs
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363
File No: 2420