UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
ABENA MORLE, KYMANI DUVERNEY,          :
NAHSHON WEBB, AFIYA WEBB, and A.S.,    :
                                       :
                        Plaintiffs,    :          <u>MEMORANDUM &</u>
                                       :          <u>ORDER</u>
           -against-                   :
                                       :
DETECTIVE SHAWN HAYES and JOHN DOES 1- :          20-CV-103 (DLI)(MMH)
12,                                    :
                                       :
                        Defendants.    :
---------------------------------------------------------------- x

**MARCIA M. HENRY**, United States Magistrate Judge:

Plaintiffs Abena Morle, Afiya Webb, Nahshon Webb, Kymani Duverney, and A.S. sued Defendants Detective Shawn Hayes and several unnamed New York City Police Department ("NYPD") officers alleging unreasonable search and seizure and excessive force, in violation of 42 U.S.C. § 1983. (*See generally* Am. Compl., ECF No. 6.)[1] Before this Court is Plaintiffs' motion to compel the production of certain information relating to a confidential informant ("CI") whose statements were used to obtain a search warrant for Plaintiffs' residence. (*See generally* ECF No. 48.) At a status conference on April 28, 2023, the Court **granted the motion in part**. This Order follows.

---

[1] All citations to documents filed on ECF are to the ECF document number (*i.e.*, "ECF No. ___") and pagination "___ of ___" in the ECF header unless otherwise noted.

I.      **BACKGROUND**

A.      **Factual Allegations[2]**

Plaintiffs are members of the same family who, at all times relevant to the allegations, rented and lived in a private house at 17-15 Redfern Avenue, Far Rockaway, Queens, New York (the "Subject Premises"). (Am. Compl., ECF No. 6 ¶¶ 11, 14–15.)  The Subject Premises was located on the same plot of land as another private dwelling, the "Back House," whose residents were unknown to Plaintiffs. (*Id.* ¶¶ 16–18.)  Hayes was an NYPD detective in Narcotics Borough Queens.  (ECF No. 48-4 at 2–3.)

On August 1, 2017, Hayes obtained a search warrant from Queens Criminal Court, authorizing the search of "a private house located at 17-15 Redfern Avenue," the same address as the Subject Premises.  (*Id.* ¶ 20.)  The search warrant affidavit included information from a CI registered with the NYPD.  (ECF No. 48-4 at 3.)  According to the affidavit, the CI's information had proved reliable in the past, leading to "positive" search warrants, the arrests of multiple individuals, and the recovery of firearms, narcotics, and related paraphernalia.  (*Id.*)  For example, at the direction of Hayes and other officers, the CI participated in two controlled purchases of drugs at "17-15 Redfern Avenue" in or about "[redacted] 2017."  (*Id.* at 3–4.)[3]  While Hayes observed the CI walk to "the subject location" before the buys, the affidavit does not specify what "the subject location" is, i.e., a specific door or a general location.  (*Id.* at 4.)

---

[2] The facts are drawn from the declaration of Plaintiffs' counsel in support of the motion and its supporting exhibits (ECF No. 48), the declaration of defense counsel in opposition and its exhibits (ECF No. 49), and the Amended Complaint (ECF No. 6).

[3] According to the NYPD buy reports, the CI advised Hayes and other officers of the details of the buys, but no officer observed the CI at the Subject Premises or the Back House.  (*See* ECF No. 48-4 at 6–9.)

Neither Hayes's affidavit nor the search warrant specified which of the two dwellings at the Redfern Avenue address was to be searched.  (Am. Compl., ECF No. 6 ¶ 21.)

On August 4, 2017, Hayes and other officers executed the search warrant at the Subject Premises and the Back House.  (*Id.* ¶¶ 25–26.)  When Defendants entered the Subject Premises, Morle told them they were in the wrong house.  (*Id.* ¶ 28.)  However, the officers rear-handcuffed her and placed her into a chair, where she remained for two hours.  (*Id.* ¶ 29.)  Morle's son, Duverney, who was walking down from the second floor when Defendants entered, also told them they were in the wrong house.  (*Id.* ¶¶ 30–32.)  Several Defendants pointed their weapons at him, pushed him to the floor with their knees in his back, rear-handcuffed him, left him on the floor for ten minutes, and then placed him in a chair for two hours.  (*Id.* ¶¶ 33–34.)  Nahshon Webb was on the sidewalk when Defendants arrived.  (*Id.* ¶ 35.)  Webb was arrested, detained at the precinct for five hours, and charged with criminal possession of a controlled substance because of an oxycodone pill found under his bed, but the criminal charge was ultimately dismissed.  (*Id.* ¶¶ 36, 39.)

Afiya Webb and her seven-year-old son, A.S., were at the top of the stairs when Defendants entered the Subject Premises.  (*Id.* ¶ 40.)  Defendants held them for 15 minutes and then brought them downstairs.  (*Id.* ¶ 44.)  Hayes told Afiya Webb that he had found an oxycodone pill under the bed where she and A.S. slept.  (*Id.* ¶¶ 45–46.)

B.    **Procedural History**

Plaintiffs initiated this action on January 6, 2020, and subsequently amended the Complaint.  (ECF Nos. 1, 6.)  On July 18, 2022, Plaintiffs filed their initial motion to compel the identity of the CI, which Hayes opposed.  (*See* ECF Nos. 43–44.)  At a motion hearing, the Court ordered additional briefing, directing Plaintiffs to "mak[e] a more specific connection

as to the relevance of this particular requested information to the claims in the complaint as well as attaching the request . . . and any relevant documents."  (ECF No. 51 at 11 (Aug. 18, 2022 transcript).)  The Court ordered Defendants to address why they dispute "the fact that there is a compelling need for disclosure."  (*Id.* at 12.)

In supplemental briefing, Plaintiffs confirmed that they want to depose the CI "to find out exactly which house he or she went to in order to conduct the controlled buys and learn the informer's account of what happened, as defendant Hayes had no personal knowledge of what transpired during the buys."  (ECF No. 47 at 5.)

On January 18, 2023, the parties presented oral argument on the motion.  (Tr., ECF No. 52.)  Defendants clarified that they are not contesting that the information Plaintiffs are requesting is relevant but argue that it is unnecessary and duplicative.  (*Id.* at 10:1–19, 11:4–5, 12:23–25.)

## II.   **LEGAL STANDARD**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  To prevail on a motion to compel, a party seeking discovery is obligated to make a *prima facie* showing of relevance.  *N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*, 325 F.R.D. 36, 48 (E.D.N.Y. 2018).  "Relevance under Rule 26 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'"  *BD Dev., LLC v. Loc. 79, Laborers Int'l Union of N. Am.*, No. 14-CV-4876 (JS)(AKT), 2016 WL 402381, at *1 (E.D.N.Y. Jan. 15, 2016) (internal citation omitted) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *New Falls Corp. v. Soni*, No. 16-CV-6805 (ADS)(AKT), 2020 WL 2836787,

at *1 (E.D.N.Y. May 29, 2020) (Rule 26(b) "is liberally construed and is necessarily broad in scope.") (citation omitted)).  Stated differently, "[i]nformation is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *N. Shore-Long Island*, 325 F.R.D. at 47.

Once there is a showing of relevance, the burden shifts to the responding party "to justify curtailing discovery." *New Falls Corp.*, 2020 WL 2836787, at *2 (quotation marks and citation omitted); *Winfield v. City of New York*, No. 15-CV-05236 (LTS)(KHP), 2018 WL 716013, at *4 (S.D.N.Y. Feb. 1, 2018) ("The party seeking discovery bears the initial burden of proving the discovery is relevant, and then the party withholding discovery on the grounds of burden, expense, privilege, or work product bears the burden of proving the discovery is in fact privileged or work product, unduly burdensome and/or expensive.").

## III.    DISCUSSION

### A.    Relevance and Objections

Plaintiffs seeks to compel the identity of the CI in order to depose the CI regarding the location where the CI purchased the drugs in the controlled buys. (Tr., ECF No. 52 at 5:15–6:1.)  The Court finds that the CI's identity and statements are relevant to Plaintiffs' unreasonable search and seizure claim.

"A plaintiff can demonstrate that her right not to be searched absent a search warrant supported by probable cause was violated where the officer submitting the probable cause affidavit knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit or omitted material information, and that such false or omitted information was necessary to the finding of probable cause." *McColley v. Cnty. of Rensselaer*,

740 F.3d 817, 823 (2d Cir. 2014) (citations omitted).  The materiality of a misrepresentation or omission depends in part on "whether information is relevant to the probable cause determination under controlling substantive law." *Id.*

In determining whether probable cause exists to support a search warrant based upon CI statements, a court must consider the "totality of the circumstances." *Id.* (citing *United States v. Smith*, 9 F.3d 1007, 1012 (2d Cir. 1993) (quotation marks omitted).  The totality of the circumstances includes, *inter alia*, an informant's veracity, reliability, and basis of knowledge, and the extent to which an informant's statements are independently corroborated. *Id.* (quoting *United States v. Gagnon*, 373 F.3d 230, 235 (2d Cir. 2004) (cleaned up).  "In sum, [a] confidential informant's credibility is plainly relevant—even critical—to the probable cause determination." *Murray v. City of New York*, No. 21-CV-6892 (EK)(VMS), 2023 WL 2734819, at *2 (E.D.N.Y. Mar. 30, 2023) (citing *McColley*, 740 F.3d at 825); *Ayala v. City of New York*, No. 04-CV-1102 (DC), 2004 WL 2914085, at *2 (S.D.N.Y. Dec. 16, 2004)  (finding that CI's statements in search warrant affidavit were relevant to plaintiff's claims arising from an allegedly unreasonable search and seizure).

Here, the CI's identity and statements are both relevant to whether there was probable cause for the search warrant underlying Plaintiffs' unreasonable search and seizure claim.  The CI's identity is relevant because it would reveal the length of time spent working as a CI, the CI's experience, and the CI's credibility. *See Murray*, 2023 WL 2734819, at *6; *McColley*, 740 F.3d at 823.  And the CI's statements are relevant because they are "the information providing probable cause for the disputed search warrant." *Murray*, 2023 WL 2734819, at *8; *Arbelaez v. City of N.Y.*, No. 17-CV-6543, 2019 WL 5634174, at *4 (S.D.N.Y. Oct. 31, 2019) (finding that the CI's testimony was "plainly relevant to the claims and defenses" because the

plaintiffs' § 1983 and related claims "require[d] them to prove the absence of probable cause" to conduct the search at issue).

Although not disputing relevance, Defendants argue that the requested information is unnecessary and duplicative. (ECF No. 52 at 12:23–25.) The Court disagrees. Defendants have not provided any other information as to the CI's identity or credibility. (*See* ECF No. 48-4 at 3–5 (redacted buy reports).) Moreover, the CI's statements concern the crux of the probable cause determination—what the CI observed, what the CI communicated to Hayes, and the connection between the CI's observations and communications and what Hayes wrote in his search warrant affidavit. *See Arbelaez*, 2019 WL 5634174, at *4. Because the CI conducted the controlled buys alone, with Hayes at a distance, Plaintiffs have no other way of learning what the CI observed and then told Hayes, especially given that Hayes appears not to remember many details. (*See* ECF No. 48-4 at 3–9; ECF No. 48-5.) In this circumstance, the requested information is relevant, necessary, and not duplicative.[4]

## B.     The Informer's Privilege

The informer's privilege refers to "the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Seward v. Antonini*, No. 20-CV-9251 (KMK), 2022 WL 3372304, at *2 (S.D.N.Y. July 25, 2022) (quotation and quotation marks omitted). "The purpose of the informer's privilege 'is the furtherance and protection of the public interest

---

[4] Defendants also argue that Plaintiffs incorrectly cite cases that concern CIs and probable cause supporting arrest warrants, not search warrants. (*See generally* ECF No. 50.) Arrest warrants and search warrants both require probable cause but protect different interests. *See Steagald v. United States*, 451 U.S. 204, 212–13 (1981). This distinction does not appear material to the Court's analysis, and Defendants have provided no authority to suggest otherwise.

in effective law enforcement.'" *Id.* (quoting *Roviaro v. United States*, 353 U.S. 53, 59 (1957)). However, there are three limitations to the scope of this privilege: (1) it only protects the CI's identity, not the content of the CI's communications; (2) it does not apply when the CI's identity is disclosed to those who would have cause to resent the communication; and (3) it is a qualified privilege and must yield to fairness when the information sought is relevant and helpful to the defense. *Arbelaez*, 2019 WL 5634174, at *2; *see also Ayala*, 2004 WL 2914085, at *2 (overruling defendants' objection to producing underlying affidavit and background information concerning CI); *Seward*, 2022 WL 3372304, at *2 (noting that documentation relating to the CI's track record and anything else pertinent to the CI's reliability could be produced, but redacted, to support the CI's credibility).

Once a court has determined the privilege applies, there is a strong presumption against lifting the privilege. *In re The City of New York*, 607 F.3d 923, 945 (2d Cir. 2010). To overcome this presumption and obtain disclosure of the requested information, the movant must show that (1) the suit is not frivolous and is brought in good faith, (2) the information sought is not available through other discovery or from other sources, and (3) the movant has a compelling need for the information. *Id.* Once the presumption has been overcome, the Court must balance the public interest in nondisclosure against the need for a particular litigant to access the privileged information. *Id.*; *Murray*, 2023 WL 2734819, at *2–3. The law enforcement privilege is qualified, not absolute. *In re City of New York*, 607 F.3d at 945. While it is difficult to collaterally attack the validity of a search warrant, "plaintiffs are entitled to learn through documents and through depositions what information the confidential informant provided to law enforcement." *Ayala*, 2004 WL 2914085, at *2–3.

The Court finds that the informer's privilege applies to the CI's identity[5] and that Plaintiffs have not rebutted that privilege.  *See Seward*, 2022 WL 3372304, at *2.  Plaintiffs argue that disclosure is warranted because they cannot obtain the CI's identity through other means and there is a compelling need for the CI's identity.  (ECF No. 47 at 5–11; ECF No. 52 at 7:3–23.)  While additional discovery may not reveal the CI's identity, ultimately Plaintiffs have not shown a compelling need for the CI's identity.  *See Arbelaez*, 2019 WL 5634174, at *3.  Plaintiffs only seek the CI's identity for the purpose of deposing the CI—in other words, to obtain the CI's testimony about the controlled buys at the Redfern Avenue address.  (ECF No. 52 at 5:12–7:16.)  Disclosure of the CI's identity is unnecessary because Plaintiffs can obtain the relevant testimony in a deposition with appropriate precautions, including but not limited to:

> (1) allowing the CI to testify in a location and manner that would protect his or her identity; (2) limiting attendance at the deposition to counsel; (3) precluding any questions the answers to which could reveal the CI's identity; (4) conducting the deposition in the presence of the designated Magistrate Judge, who could rule on objections contemporaneously; and (5) sealing the transcript of the deposition.

*Arbelaez*, 2019 WL 5634174, at *4.  Accordingly, the Court will not compel production of the CI's identity.

Defendants also assert the informer's privilege as to the CI's statements, which Plaintiffs oppose.  (ECF No. 52 at 12:14–18, 13:8–14.)  The informer's privilege does not protect "the content of the informant's communications."  *See Arbelaez*, 2019 WL 5634174, at *4 (rejecting defendants' argument that informer's privilege altogether barred deposition of

---

[5] The parties do not contest that informer's privilege applies to the CI's identity.  (ECF No. 52 at 12:14–18, 13:8–14.)

CI).  Instead, like in *Ayala*, "plaintiffs are entitled to learn through documents and through depositions what information the confidential informant provided to law enforcement." *Ayala*, 2004 WL 2914085, at *2.  Because the CI statements are not privileged, the Court will permit disclosure in a deposition and will issue a protective order with appropriate precautions. *Arbelaez*, 2019 WL 5634174, at *4 (citing Fed. R. Civ. P. 26(c)(1) and *Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973)).

## IV.   **CONCLUSION**

For the reasons stated above, Plaintiff's motion to compel is **granted in part** and **denied in part**.  The motion to compel disclosure of the CI's identity is **denied** because Plaintiffs have not established a compelling need to rebut the informer's privilege protecting the CI's identity.  The motion to compel deposition of the CI is **granted** because the CI's testimony is not privileged.  Plaintiffs may depose the CI only through Court-approved protective measures.

By **May 22, 2023**, the parties shall meet and confer regarding the proposed deposition of the CI and shall jointly propose a protective order related to same.  If the parties cannot agree, then by the same date, they shall file their respective proposed orders and two-page letter briefs in support.

**SO ORDERED.**

Brooklyn, New York
May 8, 2023

/s/Marcia M. Henry_____
MARCIA M. HENRY
United States Magistrate Judge